# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

BILL'S QUICK STOP, )
        Plaintiff, )
)  Case No. 16-CV-537-JED-JFJ
v. )
)
THE LDF COMPANIES, d/b/a LDF )
SUPPORT GROUP, INC., )
)
        Defendant. )

## ORDER

The plaintiff, Bill's Quick Stop, initiated this action in state court, alleging that an employee of the defendant, LDF Companies (LDF), negligently operated a truck in a manner that caused damage to the plaintiff's business. (Doc. 2-2). LDF removed this action on the basis of diversity jurisdiction. (Doc. 2). LDF now moves for partial summary judgment, "seeking a legal determination of the proper method / formula to calculate the Plaintiff's alleged property damages." (Doc. 14 at 1).

The summary judgment record reflects that LDF's truck struck a large canopy that covered the gas pumps at Bill's Quick Stop, and the parties agree that the canopy was damaged beyond repair. The canopy cannot be rebuilt where it was located over the gas pumps, because the canopy would violate current regulations regarding proximity of structures to power lines. Before it was hit by the LDF truck, however, the canopy was "grandfathered" in and thus not in violation of such regulations.

LDF requests that the Court determine, as a matter of law, that the plaintiff's damages are limited to the market value of the canopy. In making that request, LDF argues that, because the canopy cannot be rebuilt where it previously was erected, the plaintiff's damages should be limited

to the fair market value of the canopy. (*See* Doc. 14 at 7). In the alternative, LDF argues that the plaintiff's property damages are limited to the difference between the fair market value of the real property before the incident and such value afterwards. (*Id.* at 10).

In response, plaintiff notes that such damages would not "compensate for all detriment proximately caused" by LDF's negligent destruction of the canopy, because that canopy provided cover to the gas pumps at Bill's Quick Stop, but it cannot be rebuilt over the gas pumps, which would violate current regulations. Plaintiff thus argues that the jury should be permitted to determine the amount of damages necessary to compensate for all detriment proximately caused, which plaintiff asserts should include the cost of replacing the canopy *and* moving the gas pumps to a location where the canopy can be built in accordance with regulations. (*See* Doc. 17).

Under Oklahoma law, in the context of injuries to property not arising from contract, "the measure of damages . . . is the amount which will compensate for all detriment proximately caused thereby, whether it could have been anticipated or not." *Okla. Stat.* tit. 23, § 61. Damage to real property can be temporary and/or permanent. Temporary damages are those that can be remedied "by a reasonable expenditure of money within a reasonable period of time." *Burlington Northern & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1027 (10th Cir. 2007). Where injuries to property are temporary, damages are measured by "the cost of restoring the land to its former condition, with compensation for loss of use of it." *Houck v. Hold Oil Corp.*, 867 P.2d 451, 460 (Okla. 1993) Damages are permanent if the injuries cannot be remedied by an expenditure of money or labor. *See Okla. City v. Page*, 6 P.2d 1033, 1037 (Okla. 1931) (citation omitted). With respect to permanent injury to real property, the measure of damages "is the difference between the reasonable market value of the land immediately before the injuries and the reasonable market value of the land immediately after the injuries." *Houck*, 867 P.2d at 461. A plaintiff may recover

2

damages for temporary injury to a portion of property and damages for permanent injury to another portion, so long as it does not result in double recovery. *See id.* 461. Where both permanent and temporary injuries are alleged, the defendant "can in no event be held liable for more than the total diminution in reasonable market value assuming the temporary injuries were left standing or unrestored." *Id.*

Upon consideration of the record evidence in this case, there are genuine disputes of material fact that prevent the Court from precisely defining the upper limit of property damages that may be sought by the plaintiff. By way of example, the Court cannot determine on the limited record submitted in this case whether the evidence conclusively establishes that injuries were permanent and/or temporary or whether there are other categories of damages that may be recoverable. For that reason, LDF's motion for partial summary judgment (Doc. 14) is **denied**. Depending on the evidence presented at trial, the Court will ultimately instruct the jury on the appropriate measure of damages under Oklahoma law, which instructions will make it clear that no double recovery will be allowed for the same injury.

SO ORDERED this 13th day of July, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE